RONALD LEE GILMAN,
concurring.
Although I concur in the decision reached by the lead opinion, I do so reluctantly. My concerns are as follows:
First, retaliation for Stevens’s criticisms of the Board need only be “a motivating factor for the adverse decision.” Arnett v. Myers, 281 F.3d 552, 560 (6th Cir.2002) (emphasis added). The fact that the Board may also have been motivated by reasons other than retaliation does little to demonstrate that they “would have taken the same action in the absence of the protected activity” or to absolve them of liability for their decision. See Kennedy v. City of Villa Hills, Ky., 635 F.3d 210, 218-19 (6th Cir.2011) (internal quotation marks omitted). I believe that a reasonable juror might conclude that, despite the justifications advanced by the lead opinion, retaliation served as a motivating factor for several of the Board members.
Second, I remain troubled by the fact that the vote of the Board’s majority appears to go against the best interests of the Township by choosing to accept less money for the land in question without a good reason in the record for doing so. When faced with a decision to take more money versus less money for the same parcel of Township land, one would think that the Board would choose the higher bid without regard to the personal characteristics of the different bidders.
If the disparity between the two bids had been much larger — say, for example, $10,000 — I believe that this court could more readily draw an inference of retaliatory motive solely from the Board’s action. But the roughly $1,100 difference between the two bids is surely no more than a tiny fraction of the Township’s total annual budget. Any inference that could be drawn from this small difference is undermined by the fact that two of the new Board members voted for the lesser bid. *563 That they voted against the apparent best interests of the Township is puzzling, particularly considering that they had never been subject to Stevens’s criticisms. Nevertheless, their decisions suggest that reasons other than retaliation motivated the votes of at least some of the Board members.
Despite the above concerns, I concur with the lead opinion’s conclusion that Stevens has not presented sufficient evidence to support a finding that either of the two new Board members, Jake Barton and Clyde Howd, acted with a retaliatory motive. On the other hand, I find the case against John Congdon at least plausible. Congdon, an incumbent member of the Board, was present for many of Stevens’s critical remarks at Board meetings and also ran against Stevens on Kerr’s and Paulson’s electoral ticket. The case against him is bolstered by the temporal proximity between Stevens’s criticism and the Board’s action. See Arnett, 281 F.3d at 560-61 (asserting that temporal proximity may serve as circumstantial evidence of a defendant’s retaliatory intent). And the evidence in the record gives rise to a reasonable inference that Board members Eileen Kerr and Julie Paulson may have been motivated by retaliation.
But one more Board member was still required to have acted with a retaliatory motivation in order for Stevens’s case to survive summary judgment, and this is where I believe that his case fails. Stevens’s claim against Shelly Ayotte is limited to the fact that she was an incumbent Board member who voted against his bid for the land in question. As a result, I find nothing more than a scintilla of evidence to support Stevens’s claim against her. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (“The mere existence of a scintilla of evidence in support of the plaintiffs position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.”). If the record included even a bit more evidence of a retaliatory motive on Ay-otte’s part, I would be inclined to reverse and remand this case for a jury determination.
Divining a party’s motivation is generally reserved for the jury, and the defendants must meet a very high burden of demonstrating that no reasonable juror would find in Stevens’s favor. See Arnett, 281 F.3d at 561. But without more evidence of a retaliatory motive against Ay-otte, I find myself in agreement with the lead opinion. I therefore concur.